```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
CONTINENTAL FOOD GROUP, LLC, ET AL.,

                    Plaintiff(s),
                                                    03 Civ. 7101 (JES)
      - against -
                                                    MEMORANDUM OPINION
P.J. PRODUCE, INC., ET AL.,                              AND ORDER

                    Defendant(s).
----------------------------------------X
```

**SPRIZZO, D.J.:**

At issue before the Court is whether contract terms that provide for the collection of attorney's fees and costs can be enforced in an action brought under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a—499s, where the statutorily-created PACA trust, even absent claims for attorney's fees and costs, does not contain sufficient funds to pay the full amount of claims against it. Given PACA's unambiguous plain meaning, this Court agrees with intervenor plaintiff DeBruyn Produce Company ("DeBruyn") and therefore orders that the attorney's fees and costs provided for in its contract with defendant should be included in its PACA trust claim.

**BACKGROUND**

The present action was filed on September 11, 2003, and since then numerous intervenor plaintiffs have joined this action. All disputes, save the present matter, have been resolved by the parties.[1] See Order Providing Distribution to Eligible Trust Beneficiaries, dated Apr. 13, 2005; Letter of Mark C.H. Mandell, dated May 5, 2005 ("Mandell Letter").

At a Pre-Trial Conference held on February 7, 2005, DeBruyn raised the issue of collecting its attorney's fees and costs from the PACA trust. DeBruyn reiterated this request in a letter dated

---

[1] An appeal is currently pending regarding this Court's order dated October 13, 2004 denying Union Pacific Railroad Company's Motion to Intervene in this action. In addition, causes of action against defendant Frank Falleta are yet to be resolved. See Stipulation of Settlement, dated Mar. 24, 2005.

February 10, 2005, in which it indicated that its invoices with defendant P.J. Produce, Inc. provided that "[i]n the event collection becomes necessary, [P.J. Produce, Inc.] agrees to pay all costs of collection, including attorney's fees." Letter of Thomas G. Aljian, Jr., dated Feb. 10, 2005. DeBruyn contended that these invoices amounted to contract terms and that this amount totaled $15,091.05. Id. The remaining PACA claimants ("opposition claimants") opposed this request by letters dated February 17, 2005 and February 28, 2005. See Letter of Leonard Kreinces, dated Feb. 17, 2005; Letter of Leonard Kreinces, dated Feb. 28, 2005. Those letters did not dispute the existence or legal effect of the invoice terms between DeBruyn and defendant, and they indicated that the PACA trust at issue was not large enough to fully cover the claims of all claimants.

All interested parties agreed to rely upon the above-mentioned submissions and to have this Court resolve this dispute without further correspondence or Oral Argument. See Mandell Letter.

## DISCUSSION

Congress passed PACA in an attempt to protect sellers of perishable agricultural commodities from situations in which the buyers of those goods fail to pay for their purchases while simultaneously granting to others security interests in those commodities and the proceeds generated therefrom. See 7 U.S.C. § 499e(c)(1); Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1067 (2d Cir. 1995). To rectify this problem, PACA provides that perishable agricultural commodities purchasers shall hold their inventory of such commodities and any proceeds therefrom "in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents." 7 U.S.C. § 499e(c)(2).

Although the statute clearly provides that the trust should be used for payment of all "sums owing in connection with" agricultural

commodities transactions, id., some courts that have been faced with the situation, as is present here, where the PACA trust is not sufficiently large to pay all claims in full have held that, for equitable reasons, PACA will not countenance the payment of attorney's fees and costs out of the PACA trust. See Nobles-Collier, Inc. v. Hunts Point Tomato Co., No. 02 Civ. 4128, 2004 WL 102756, at *2 (S.D.N.Y. Jan. 20, 2004); Fishgold v. OnBank & Trust Co., 43 F. Supp. 2d 346, 351 (W.D.N.Y. 1999). But see Middle Mountain Land & Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1222–25 (9th Cir. 2002).

Although the Court understands the policy considerations underlying those decisions, this Court is not free to disregard the plain meaning of the statute. See Virgilio v. City of New York, No. 04-1942-cv, 2005 U.S. App. LEXIS 7441, at *14–15 (2d Cir. Apr. 29, 2005). As a number of courts have already held, if a contract to sell agricultural commodities provides that the seller of such commodities can recover attorney's fees and costs related to the collection of payments due under the contract, then those expenses are "sums owing in connection with [agricultural commodities] transactions." See, e.g., Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 632–33 (11th Cir. 2004); Middle Mountain Land & Produce Inc., 307 F.3d at 1222–25; E. Armata, Inc. v. Platinum Funding Corp., 887 F. Supp. 590, 595 (S.D.N.Y. 1995). Any disparity between creditors created by allowing these expenses to be recovered is based solely on the various terms of the individual contracts negotiated by the different PACA claimants. See Country Best, 361 F.3d at 633; Morris Okun, Inc. v. Harry Zimmerman, Inc., 814 F. Supp. 346, 351 (S.D.N.Y. 1993).

In addition, besides being contrary to the plain meaning of PACA, it would be improvident for this Court to ex post facto attempt to parcel out individual parts of a negotiated contract price in an attempt to arrive at the price of the agricultural commodities alone. Cf. United States v. Lynch, 162 F.3d 732, 736 (2d Cir. 1998). Such an approach mistakenly ignores the multitude of economic

**APPEARANCES**

PODVEY, SACHS, MEANOR, CATENACCI, HILDNER & COCOZIELLO

Attorneys for Intervenor Plaintiff DeBruyn Produce

One Riverfront Plaza

Newark, NJ 07102-5497

    THOMAS G. ALJIAN, JR., ESQ.

        Of Counsel

LAW OFFICES OF MARK MANDELL

Attorneys for Defendants P.J. Produce, Inc.

42 Herman Thau Road

Annandale, NJ 08801

    MARK C.H. MANDELL, ESQ.

        Of Counsel

KREINCES & ROSENBERG, P.C.

Attorneys for Intervenor Plaintiffs

900 Merchants Concourse

Westbury, NY 11590

    LEONARD KREINCES, ESQ.

        Of Counsel

MARTYN AND ASSOCIATES

Attorneys for Intervenor Plaintiffs

820 Superior Avenue, N.W.

Tenth Floor

Cleveland, OH 44113

    MARK A. AMENDOLA, ESQ.
        Of Counsel

GENTILE & DICKLER
Attorneys for Intervenor Plaintiffs
261 Madison Avenue
25th Floor
New York, NY 10016

    PAUL T. GENTILE, ESQ.
        Of Counsel

MARTYN, LILES, P.L.L.C.
Attorneys for Intervenor Plaintiffs
1054 31st Street, N.W., Suite 415
Washington, D.C. 20007

    ROBERT W. LILES, ESQ.
        Of Counsel

HOWARD RABIN, P.C.
Attorneys for Intervenor Plaintiffs
585 Stewart Avenue, Suite 440
Garden City, NY 11530

    HOWARD RABIN, ESQ.
        Of Counsel

McCARRON & DIESS
Attorneys for Intervenor Plaintiffs
4910 Massachusetts Avenue, N.W.
Suite 18
Washington, D.C. 20016

    LOUIS W. DIESS, III, ESQ.
        Of Counsel

MEUERS LAW FIRM, P.L.
Attorneys for Intervenor Plaintiffs
5395 Park Center Court
Naples, FL 34109

    KATY L. KOESTNER, ESQ.
        Of Counsel

VICTOR & BERNSTEIN, P.C.
Attorneys for Defendant Frank Falleta
18 East 41st Street
New York, NY 10017

    DONALD M. BERNSTEIN, ESQ.
        Of Counsel

BRUCE LEVINSON, ESQ.
Attorney for Plaintiffs and Intervenor Plaintiffs
747 Third Avenue

4th Floor

New York, NY 10017

RONALD W. WOOD, ESQ.

Attorney for Intervenor Plaintiffs

399 Knollwood Road

Suite 310

White Plains, NY 10603

considerations that are factored into that contract price. See, e.g., Country Best, 361 F.3d at 633 ("Commodity sellers likely offer lower prices if they know that the financial burden of their collection efforts will be lightened by the recovery of attorney fees and prejudgment interest."); Middle Mountain Land & Produce Inc., 307 F.3d at 1223.

Finally, opposition claimants' reliance on the Second Circuit's decision in C.H. Robinson Co. v. Alanco Corp., 239 F.3d 483 (2d Cir. 2001), is misplaced. See Letter of Leonard Kreinces, dated Feb. 17, 2005. That ruling stands for the proposition that an agricultural commodities purchaser cannot pay its attorney from PACA trust funds until commodities sellers (PACA claimants) receive "full payment of the contract price for the sale of produce," C.H. Robinson Co., 239 F.3d at 487, because "PACA trust beneficiaries are entitled to full payment before trustees may lawfully use trust funds to pay other creditors," id. at 488. Here, as the Court has already indicated above, DeBruyn's attorney's fees and costs are part "of the contract price for the sale of produce." As such, C.H. Robinson Co. is inapposite.

## CONCLUSION

Based on the foregoing, DeBruyn is entitled to have, in accordance with its contract with defendant, "all costs of collection, including attorney's fees" included in its PACA claim for distribution on the same pro rata basis as all other PACA claims. The parties shall be and hereby are ordered to submit an appropriate order to this effect.

**It is SO ORDERED.**

Dated: New York, New York
June 7, 2005

_____
John E. Sprizzo
United States District Judge

4